**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROLLAND WRIGHT-SOLOMON,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:26-CV-2609-S-BK** |
| | § | |
| **FNU LNU,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On July 28, 2026, Rolland Wright filed a complaint and a supplement, which are largely incoherent and difficult to decipher. Doc. 3; Doc. 4. They mainly consist of a stream-of-consciousness narrative that fails to allege an identifiable cause of action.[1] Wright does not name a specific defendant but mentions his date of birth and other private information. He also encloses an after visit summary at Parkland Hospital and other random documents explaining breathing techniques, general legal principles, and pollution prevention. In sum, Wright fails to present a cognizable federal claim and his factual contentions are both delusional and deficient. Thus, this action should be dismissed as frivolous.

[1] Each document was folded and stapled in a manner to be its own envelope but contained no postage. The Clerk of the Court received the documents with its regular mail delivery.

**II. ANALYSIS**

Because Wright did not pay the filing fee, the Court presumes that he seeks leave to proceed *in forma pauperis*. His complaint is thus subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides *inter alia* for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Wright has failed to state a viable legal claim or anything that can be construed as such. Moreover, as illustrated here, his factual contentions appear irrational and incredible and thus inadequate to support any cognizable claim. *Denton*, 504 U.S. at 33.

Consequently, Wright's complaint should be dismissed with prejudice as factually and legally frivolous.

**III. LEAVE TO AMEND**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here Wright has failed to state or suggest a

cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Wright could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.[2]

**IV. CONCLUSION**

For all these reasons, Wright's action should be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on August 27, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[2] Notwithstanding this finding, the 14-day objection period attendant to this recommendation will give Wright an opportunity to cogently proffer any factually and legally supported claim he intended to assert.